UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICK ROY BOWLER,<br><br>            Plaintiff,<br><br>   v.<br><br>FERGUSON ENTERPRISES INC., FRANK W. ROACH, UPONOR INC., BILL GRAY,<br><br>            Defendants. | CASE NO. C14-5001 RJB<br><br>ORDER ON MOTION OF DEFENDANTS TO DISMISS PURSUANT TO FRCP 12(B)(6), 9(B) AND 12(C) |

This matter comes before the court on the Motion of Defendants to Dismiss Pursuant to FRCP 12(b)(6), 9(b) and 12(c) (Dkt. 17) and on plaintiff's Motion to Quash and Strike (Dkt. 23). The court has considered the relevant documents and the remainder of the file herein.

PROCEDURAL HISTORY

On January 6, 2014, plaintiff Rick R. Bowler filed a civil action on his own behalf and as sole heir and Personal Representative of the Estate of Marilee J. Thompson (Bowler). Dkt. 1. The complaint is captioned "Suit for Damages to Plaintiffs [sic] Business and Property through a Pattern of Racketeering Activity; Negligence; Failure to Warn; Depraved Indifference; Outrage[;] Wrongful Death; Fraud." Dkt. 1. Mr. Bowler attached numerous documents to the complaint, most of which were apparently obtained through internet searches. *See* Dkt. 1-2, pp.

1  20-32; and Dkt. 1-3 through 1-6, p. 24; and Dkt. 1-7.  The attachments also include a copy of one

2  page of the Last Will and Testament of Marilee J. Thompson (Dkt. 1-2, at 1); a September 27,

3  2011 e-mail from Stacy Beissel of Uponor to Mr. Bowler (Dkt. 1-2, at 2); a July 30, 2011 Indoor

4  Environmental Isolated Mold Evaluation Report by The Mold Reporters, Inc. (Dkt. 1-2, at 3-19);

5  and a death certificate for Marilee Thompson (Dkt. 1-6, at 25).

6       Mr. Bowler alleged jurisdiction under diversity of citizenship and federal question.  Dkt.

7  1, at 2.

8       When a plaintiff proceeds *pro se*, the district court is required to afford plaintiff the

9  benefit of any doubt in ascertaining what claims plaintiff raised in the complaint and argued to

10  the district court.  *Alvarez v. Hill*, 518 F.3d 1152, 1158 (9th Cir. 2008), *citing Morrison v. Hall*,

11  261 F.3d 896, 899 n.2 (9th Cir. 2001); *see also Karim-Panahi v. Los Angeles Police Dept.*, 839

12  F.2d 621, 623 (9th Cir. 1988)(pleadings of *pro se* civil rights plaintiff to be construed liberally,

13  affording plaintiff benefit of any doubt).  In considering this motion to dismiss, the court has

14  attempted to construe the complaint liberally and has afforded Mr. Bowler the benefit of doubt.

15       The complaint alleges that Mr. Bowler is the sole heir and personal representative of the

16  estate of his deceased wife Marilee J. Thompson (Bowler); and that "[h]er wrongful death is a

17  cause of action herein." Dkt. 1, at 2.  The complaint alleges that Mr. Bowler purchased defective

18  plumbing supplies from defendants and installed them in a house he was constructing; that the

19  materials and supplies received from defendants were installed in accordance with product

20  specifications; that the materials were defective; that a plumbing leak caused by the defective

21  materials resulted in mold; and that Mr. Bowler discovered the defective products on June 13,

22  2011 and contacted defendants Ferguson and Uponor.  The complaint apparently alleges the

23  following claims:  (1) violation of the Racketeer Influenced and Corrupt Organizations Act,

24

| | |
|---|---|
| 1 | (RICO), 18 U.S.C. § 1962(b) and (c); (2) Mail Fraud, in violation of 18 U.S.C. §§ 1341, 1342 |
| 2 | and 1343; (3) Negligence; (4) Outrage; (5) Intentional Infliction of Emotional Distress; and (6) |
| 3 | Wrongful death. Dkt. 1, at 6-19. |

## MOTIONS

On April 28, 2014, defendants filed a Motion to Dismiss pursuant to Fed.R.Civ.P. 12-(b)(6), 9(b) and 12(c). Dkt. 17. Included with the motion is a declaration of Howard L. Lieber (Dkt. 18, at 1-3); documents from a prior case Mr. Bowler had filed in this court, *Bowler v. Ferguson Enterprises, et al.*, C11-6034RJB (Dkt. 18-1 through 18-4); and Clark County Property Information (Dkt. 18-5, at 1-5).

Defendants contend that Mr. Bowler has no standing to maintain an action for damage to the house with the allegedly defective plumbing because he no longer owned the house at the time he filed this complaint; that his RICO claim is based on speculation and inferences from various documents obtained through internet searches that have no relevance to the allegedly defective products at issue in this case; that the complaint does not provide any factual basis for mail fraud; that the complaint fails to allege facts to support the elements of a negligence claim; that the outrage claim is based upon unwarranted and unsupportable speculation; and that Mr. Bowler has not alleged facts that would establish that the alleged defective products caused his wife's death. Dkt. 17.

In support of the motion to dismiss, defendants have provided the declaration of defendants' counsel Howard L. Lieber, stating that Clark County, Washington's public Land Records Website indicates that Capital One NA acquired the subject property by a sale transaction dated November 21, 2012; that plaintiff told Mr. Lieber that he no longer resides on the subject property; that a number of the products referenced in the complaint and attached

exhibits do not appear to be related to what Mr. Lieber understands the claim at issue to concern; that it appears that plaintiff's claim relates to Aquapex tubing used in the potable water plumbing system incorporated into the home; and that various of the products referenced in the exhibits to the complaint cannot be attributed to defendants.  Dkt. 18.

On May 21, 2014, plaintiff filed a Motion to Quash and Strike.  Dkt. 23.  The court will deal with the motion below.  However, it appears that this document was also intended as a response to defendants' motion to dismiss, and the court will consider it as such.

Plaintiff contends that Mr. Lieber's internet search was inadequate in that the real estate transaction was "Papered" but not recorded until October 16, 2013, because the seller, Cal Western Reconveyance "fraudulently held up the reconveyance so as to wait for a merge to complete between Capitol One and ING Direct"; that the prior case plaintiff filed related to the defective materials in his home was dismissed without prejudice, and that he had a right to file this case; that defendants did not properly affirm, deny or state lack of knowledge, which is required by Fed.R.Civ.P. 8(a); that defendants have asserted no affirmative defenses; that defendants' assertion of fraud is scandalous because plaintiff was living in a detached carriage house/garage at the time he filed this action; that materials identified in exhibits to the complaint, even though they may not have been the same materials used in plaintiff's home, are relevant to the pattern of racketeering.  Dkt. 23.

On May 22, 2014, defendants filed a reply, arguing that plaintiff's motion to quash and strike was an untimely response to defendants' motion to dismiss, if it is a response at all; plaintiff's motion to amend and the proposed amended complaint abandon most of the causes of action in the original complaint and adds new causes of action that are as undecipherable as were the causes of action pled in the original complaint.  Dkt. 24.

## MOTION TO QUASH AND STRIKE

Plaintiff requested that the motion to dismiss should be quashed and stricken from the record.  Dkt. 23, at 4.  Plaintiff has not shown grounds to strike the declaration of Mr. Lieber or the Motion to Dismiss.  The court will consider this motion and the declaration in support of the motion in ruling on the motion to dismiss, and will accord proper weight to all of the relevant documents.  Plaintiff's Motion to Quash and Strike should be denied.

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Under Fed. R. Civ. P. 12 (b)(6), a complaint may be dismissed for "failure to state a claim upon which relief can be granted."  Dismissal of a complaint may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*internal citations omitted*).

Accordingly, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(*citing Twombly*, at 570).  A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.  First, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more

1  than conclusions, are not entitled to the assumption of truth." *Id.*, at 1950.  Secondly, "[w]hen

2  there are well-pleaded factual allegations, a court should assume their veracity and then

3  determine whether they plausibly give rise to an entitlement to relief." *Id.*  "In sum, for a

4  complaint to survive a motion to dismiss the non-conclusory factual content, and reasonable

5  inferences from that content must be plausibly suggestive of a claim entitling the pleader to

6  relief." *Moss v. U.S. Secret Service,* 2009 WL 2052985 (9th Cir. July 16, 2009).

7      If a claim is based on a proper legal theory but fails to allege sufficient facts, the plaintiff

8  should be afforded the opportunity to amend the complaint before dismissal. *Keniston v.*

9  *Roberts*, 717 F.2d 1295, 1300 (9th Cir. 1983).  If the claim is not based on a proper legal theory,

10 the claim should be dismissed. *Id.*  "Dismissal without leave to amend is improper unless it is

11 clear, upon de novo review, that the complaint could not be saved by any amendment." *Moss v.*

12 *U.S. Secret Service,* 2009 WL 2052985 (9th Cir. July 16, 2009).

13     In this case, Mr. Bowler filed numerous exhibits as attachments to the complaint.  In

14 addition, materials outside the pleadings were filed in support of defendants' motion to dismiss

15 (Dkt. 18).  On April 29, 2013, the court notified the parties that it would consider matters outside

16 the pleadings, and informed Mr. Bowler of his opportunity to file additional documents in

17 response to defendants' motion to dismiss. Dkt. 19.

18                                    DISCUSSION

19     **1.  Standing**

20     As an initial matter, defendants contend that plaintiff did not have standing to pursue a

21 case related to damage to the property at issue because he did not own the home at the time he

22 filed this lawsuit.

23

24

1  Under Article III of the United States Constitution, a federal court cannot consider the
2  merits of a legal claim unless the person seeking to invoke the jurisdiction of the court
3  establishes the requisite standing to sue. *Whitmore v. Arkansas*, 495 U.S. 149 (1990). A litigant
4  demonstrates standing by showing that he or she has suffered an injury in fact that is fairly
5  traceable to the challenged action and is redressable by a favorable judicial decision. *Steel*
6  *Company v. Citizens for a Better Environment*, 118 S.Ct. 1003, 1017 (1998).

7  The complaint is lengthy and difficult to understand. The standing issue will be
8  addressed as it relates to the damages pled for specific causes of action (negligence, outrage and
9  wrongful death). The court will analyze the RICO claims on the merits, because it is not clear
10 what damages plaintiff is seeking for the RICO claims.

11 **2. RICO Claim under 18 U.S.C.§ 1962**

12 Mr. Bowler contends that defendants were producing fraudulent pipe since before 2003,
13 when they were unexpectedly caught in a scheme to defraud customers; that they knew in 2003
14 that the pipe that they were selling did not meet National Sanitation Foundation (NSF) standards
15 for use with potable water; that defendants knowingly advertised, sold, shipped and warranted
16 pipe and pipe fittings that were defective in order to continue to control a market that was "fast
17 booming;" that the NSF withdrew approval for MS61 fittings in April/May of 2003 due to
18 excessive lead in the fittings; that defendants hid the defective nature of the products from the
19 public in order to reap profits; and that Mr. Bowler and his wife built a house in mid-2005, with
20 defective products, "so it would have been inventory that was sitting around for two years" Dkt.
21 1, at 6-11.

22 RICO makes it unlawful for any person who has received income from a pattern of
23 racketeering activity to use or invest the income in any operation or interest affecting interstate
24

ORDER ON MOTION OF DEFENDANTS TO
DISMISS PURSUANT TO FRCP 12(B)(6), 9(B)
AND 12(C)- 7

1  commerce.  18 U.S.C. § 1962.  In order to state a RICO claim, plaintiff must plead (1) conduct
2  (2) of an enterprise (3) through a pattern (4) of racketeering acts (predicate acts)  (5) constituting
3  the proximate cause of injury to plaintiff's property.  18 U.S.C. § 1862(c) and 18 U.S.C. §
4  1864(c); *Sedema, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 496 (1985).

5  Most of the documents appended to the complaint relate to particular products or fixtures
6  that were the subject of a lawsuit or lawsuits, to which Mr. Bowler was not a party.  Mr. Bowler
7  has not alleged that the products he purchased and that were installed in his house were the same
8  products that were involved in other cases, or the same products that were tested in the context of
9  those other cases.  In fact, Mr. Lieber, counsel for defendants, submitted a declaration, which
10  states in relevant part, as follows:

> 5.  I have reviewed the exhibits Plaintiff has attached to the Complaint filed in this case and the products referenced in the Complaint.  A number of the products referenced in the Complaint, and the exhibits thereto, do not appear to be related to what I understand the claim at issue to concern.
>
> 6.  After Uponor was informed, in mid-2001, of Plaintiff's claim, Uponor undertook to have the subject property inspected related to the claim.  Based upon that inspection it is Uponor's belief, although it cannot be certain because of the vagueness of Plaintiff's allegations, that the claim relates to Aquapex tubing used in the potable water plumbing system incorporated into the home.  Uponor has made multiple offers to resolve the claim but those offers have been rejected  by Mr. Bowler.
>
> 7.  Although it is unclear form the Complaint exactly what products Plaintiff is claiming are defective and installed in his home, it is clear that various of the products referenced in the exhibits to the Complaint cannot be attributed to the Defendants as they include products of competitors of Uponor such as KITEC plumbing systems, and Zurn systems.

Dkt. 18, at 2.

Mr. Bowler has not pled a pattern of predicate acts that would support a RICO claim, nor has he pled facts that would support a claim that any of the allegations or exhibits would support a RICO claim that defendants' actions were the proximate cause of injury to plaintiff.   The

ORDER ON MOTION OF DEFENDANTS TO
DISMISS PURSUANT TO FRCP 12(B)(6), 9(B)
AND 12(C)- 8

apparent predicate acts and pattern upon which the complaint relies are speculation based upon what appear to be irrelevant documents. The RICO claim should be dismissed.

**3. RICO Claim Based on Mail Fraud, 18 U.S.C. §§ 1341 and 1343**

Mr. Bowler apparently attempts to plead a civil RICO claim, based upon mail fraud.

Under Fed.R.Civ.P. Rule 9(b), claims alleging fraud are subject to a heightened pleading requirement, which requires that a party "state with particularity the circumstances constituting fraud or mistake."

The complaint did not identify statements or representations made to Mr. Bowler that were literally false or misleading at the time they were made, as is required in a civil RICO action based upon mail and wire fraud. *See Schreiber Distrib. Co. v. Serv–Well Furniture Co.*, 806 F.2d 1393, 1399–1401 (9th Cir.1986); *see also* 18 U.S.C. §§ 1341 (mail fraud), 1343 (wire fraud); 1962(c)(RICO). This claim is apparently based upon speculation derived from documents produced in other cases involving defendants. Moreover, the complaint failed to plead a cognizable theory of proximate causation that links defendants' alleged misconduct to Mr. Bowler's alleged injury. *Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639, 654–55 (2008).

Mr. Bowler has not alleged sufficient facts to support a RICO claim based upon mail fraud.

**4. Negligence**

The complaint alleges that defendants "recklessly and dangerously sold cheap product that leaks toxins into our homes and bodies." Dkt. 1, at 16. Plaintiff requests the following damages: "Damages for my uninhabitable property are $2,400,000. Claim for Negligence: Duty

1 | of Care $5,000,000[.] Claim for Depraved Indifference $1,500,000[.] Negligence Failure to

2 | Warn $10,000[,]000[.] Dkt. 1, at 16.

3 | In an action for negligence a plaintiff must prove four basic elements: (1) the existence of

4 | a duty; (2) breach of that duty; (3) resulting injury; and (4) proximate cause. *Degel v. Majestic*

5 | *Mobile Manor, Inc*., 129 W.2d 43, 48 (1996).

6 | Defendants contend that plaintiff lacks standing to pursue claims for damage to his

7 | property because he did not own the property at the time he filed this case.

8 | Plaintiff disputes defendants' claim that the property records show that the property was

9 | sold on November 21, 2012. Plaintiff contends that the transaction was not recorded until

10 | October 26, 2013. It is not necessary to resolve the discrepancy. At the time plaintiff filed this

11 | action on January 6, 2014, he no longer owned the home.

12 | Even construing the complaint in the light most favorable to plaintiff, he does not have

13 | standing to pursue the damages he has requested related to the claim of negligence. Even if

14 | plaintiff could somehow show that he has standing to pursue the damages claims, he has not

15 | alleged facts that would support the duty, breach, resulting injury, and proximate cause. This

16 | claim should be dismissed.

17 | **5. Outrage and Intentional Infliction of Emotional Distress**

18 | Plaintiff has pled a claim for outrage and intentional infliction of emotional distress, and

19 | has requested $5,000,000 in damages.

20 | The elements of the tort of outrage are (1) extreme and outrageous conduct; (2)

21 | intentional or reckless infliction of emotional distress; and (3) actual result to the plaintiff of

22 | severe emotional distress. *Dicomes v. State*, 113 Wash.2d 612, 630 (1989). The conduct must be

23 | so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of

24 |

1  decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

2  *Grimsby v. Samson*, 85 Wn.2d 52, 59 (1975). *Id.* at 59, citing Restatement (Second) of Torts §46

3  (1965).

4        To recover under Washington state law for emotional distress inflicted by intentional or

5  reckless conduct, a plaintiff must plead and prove the elements of the tort of outrage. *Keates v.*

6  *Vancouver*, 73 Wn.App. 257, 263 (1994), *review denied*, 124 Wn. 2d 1026 (1994).

7        To the extent that these claims are related to damage to the property at issue, plaintiff has

8  not shown that he has standing to pursue the claims.  Further, plaintiff has not pled facts

9  supporting the elements of the claims.  These claims should be dismissed.

10        **7. Wrongful Death**

11        Mr. Bowler apparently alleges a wrongful death claim.  RCW 4.20.010 provides as

12  follows:

13      When the death of a person is caused by the wrongful act, neglect or default of another
    his personal representative may maintain an action for damages against the person
14      causing the death; and although the death shall have been caused under such
    circumstances as amount, in law, to a felony.

15  The complaint alleges as follows:

16      Even IF you did not think at all, surely toxins in the water are not good, surely
17      carcinogenic mold that causes lung cancer, growing under your bed and you're dying of
    lung cancer, but it was found too late, Surely you were not cognizant of the pain inflicted
18      by your decisions, but it all happened on your watch.  I wish you could have here when
    she died you would see the effects on our lives even today.  Your negligence is a direct
19      and proximate cause of all these things addressed in this complaint.

20  Dkt. 1, at 18.

21        Apparently, Mr. Bowler alleges that defendants committed either an intentional act or a

22  negligent act related to defective plumbing products that caused Marilee Thompson Bowler's

23  death.  Her death certificate, dated March 21, 2011, stated that Ms. Thompson Bowler's death

24

ORDER ON MOTION OF DEFENDANTS TO
DISMISS PURSUANT TO FRCP 12(B)(6), 9(B)
AND 12(C)- 11

was caused by metastatic lung cancer, with a six month interval between onset and death. Dkt. 1-6, at 25. The complaint contains nothing, beyond speculation, as to whether and how the alleged defective products had a causal connection to Ms. Thompson Bowler's death.

**8. Amendment of Complaint**

Before the court dismisses a *pro se* case, the court must afford the plaintiff an opportunity to file an amended complaint unless amendment would be futile or where the amended complaint would be subject to dismissal. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir.1987); *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000); *Reddy v. Litton Indus.*, Inc., 912 F.2d 291, 296 (9th Cir.1990); *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir.1989).

The court is cognizant of the frustration of defendants in attempting to decipher plaintiff's pleadings and respond to them. However, this case should proceed in an orderly fashion, and plaintiff should be given the opportunity to proceed pursuant to the applicable legal standards.

Plaintiff has filed a Motion for Leave to Amend (Dkt. 20-1) that is noted for consideration on June 6, 2014. Defendants' motion to dismiss should be granted, but the case should not be dismissed before the court rules on the pending Motion for Leave to Amend. If defendants wish to respond to the Motion for Leave to Amend, they may do so in a response pursuant to Local Rule CR 7.

Accordingly, it is hereby **ORDERED** that plaintiff's Motion to Quash and Strike (Dkt. 23) is **DENIED**. The Motion of Defendants to Dismiss Pursuant to FRCP 12(b)(6), 9(b) and 12(c) (Dkt. 17) is **GRANTED**. However, before the court dismisses this case, the pending Motion for Leave to Amend (Dkt. 20-1) will be considered. If plaintiff's Motion for Leave to Amend is denied, the court will dismiss this case.

ORDER ON MOTION OF DEFENDANTS TO
DISMISS PURSUANT TO FRCP 12(B)(6), 9(B)
AND 12(C)- 12

1   The Clerk is directed to send uncertified copies of this Order to all counsel of record and
2   to any party appearing *pro se* at said party's last known address.
3   Dated this 23rd day of May, 2014.

*[signature]*
ROBERT J. BRYAN
United States District Judge